UNITED STATES, Appellee

v.

Darnyell R. RHOADES, Specialist
U.S. Army, Appellant

No. 07-0173

Crim. App. No. 20040109

United States Court of Appeals for the Armed Forces

Argued October 17, 2007

Decided January 9, 2008

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel

For Appellant:  Major Sean F. Mangan (argued); Colonel
Christopher J. O'Brien and Lieutenant Colonel Steven C. Henricks
(on brief); Major Tyesha E. Lowery and Major Fansu Ku.


For Appellee:  Captain Jaired D. Stallard (argued); Colonel John
W. Miller II, Major Elizabeth G. Marotta, and Captain Michael C.
Friess (on brief).


Military Judge:  Mark P. Sposato


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

The present appeal concerns a general court-martial convened at Fort Huachuca, Arizona.  The court-martial, composed of officer and enlisted members, convicted Appellant, contrary to his pleas, of three specifications of willful disobedience of a superior commissioned officer, in violation of Article 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 890 (2000).  The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for one year, and reduction to the lowest enlisted grade.  The convening authority approved that portion of the sentence that provided for the bad-conduct discharge, reduction to the lowest enlisted grade, and confinement for eleven months.  The United States Army Court of Criminal Appeals affirmed.  United States v. Rhoades, No. ARMY 20040109 (A. Ct. Crim. App. Nov. 16, 2006) (unpublished).

On Appellant's petition, we granted review of the following issue:

> DID THE MILITARY JUDGE, IN GRANTING THE GOVERNMENT'S MOTION TO DISQUALIFY APPELLANT'S CIVILIAN COUNSEL ON THE BASIS OF AN ALLEGED VIOLATION OF THE ETHICS IN GOVERNMENT ACT (18 U.S.C. [§] 207(a)(2)), DENY THE APPELLANT HIS SIXTH AMENDMENT RIGHT TO CIVILIAN COUNSEL OF HIS CHOICE?

For the reasons set forth below, we conclude that the decision by the military judge to disqualify Appellant's civilian defense counsel did not violate Appellant's right to counsel of choice under the Sixth Amendment.

2

## I. BACKGROUND

Appellant, who faced a court-martial at Fort Huachuca, retained Mr. R to serve as civilian defense counsel. Immediately prior to entering private practice, Mr. R served as an active-duty judge advocate at Fort Huachuca, including duty as the Chief of Military Justice. In that position, Mr. R supervised junior trial counsel and provided advice to military commanders and agents of the Army's Criminal Investigation Division (CID).

A month after his release from active duty, Mr. R entered a special appearance on behalf of Appellant. The Government moved to disqualify Mr. R as counsel, focusing primarily on matters concerning the CID investigation of Appellant during the period in which Mr. R had served as a judge advocate. The military judge granted the motion.

The granted issue raises the question of whether the particular circumstances of Mr. R's prior federal government service, as set forth in section II, infra, provided a sufficient basis for the military judge to disqualify Mr. R from serving as Appellant's defense counsel.

### A. Selection and Disqualification of Counsel

The accused in a criminal proceeding has the right to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. Under the UCMJ, an accused has the right to representation by

military counsel provided at no expense to the accused.  Article 38(b)(3), UCMJ, 10 U.S.C. § 838(b)(3) (2000).  The accused may be represented by civilian counsel.  See Article 38(b)(2), (b)(4), UCMJ.

The right to counsel of choice under the Sixth Amendment, as well as under the UCMJ, is not absolute.  Wheat v. United States, 486 U.S. 153, 159 (1988); United States v. Beckley, 55 M.J. 15, 23-24 (C.A.A.F. 2001).  The "'need for fair, efficient, and orderly administration of justice'" may outweigh the interest of the accused in being represented by counsel of choice.  United States v. Campbell, 491 F.3d 1306, 1310 (11th Cir. 2007) (quoting United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994)); see also United States v. MacCulloch, 40 M.J. 236, 238-39 (C.M.A. 1994).  For example, disqualification of a defendant's chosen counsel due to a "previous or ongoing relationship with an opposing party, even when the opposing party is the Government," does not violate the Sixth Amendment. Wheat, 486 U.S. at 159.

In the military justice system, a person serving as civilian counsel must be a "member of the bar of a Federal court or of the bar of the highest court of a State."  Rule for Courts-Martial (R.C.M.) 502(d)(3)(A).  Alternatively, a person can serve as defense counsel if otherwise authorized to practice law by a recognized licensing authority and determined to be

qualified by the military judge.  R.C.M. 502(d)(3)(B).  Under R.C.M. 502(d)(4), a person may not serve as defense counsel if the person is or has been the accuser, an investigating officer, a military judge, or a court-martial member, subject to express waiver by the accused.  In addition, "[n]o person who has acted as counsel for a party may serve as counsel for an opposing party in the same case."  Id.; see Article 27(a)(2), UCMJ, 10 U.S.C. § 827(a)(2) (2000).  The disqualifications listed in R.C.M. 502(d)(4) are not exclusive, and counsel may be disqualified based upon otherwise applicable standards of professional responsibility.  See Beckley, 55 M.J. at 23-24; cf. Wheat, 486 U.S. at 160 ("Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.").

At the outset of the trial, defense counsel must advise the court as to whether "counsel has acted in any matter which might tend to disqualify the counsel."  R.C.M. 901(d)(2).  Under R.C.M. 901(d)(3), "[i]f it appears that any counsel may be disqualified, the military judge shall decide the matter and take appropriate action."

The military judge must rule on a disqualification motion prior to trial on the merits.  Because it may be difficult at that stage to assess with precision whether, or to what extent,

the grounds for disqualification could affect the trial, the military judge is afforded broad discretion in ruling on disqualification motions. See Wheat, 486 U.S. at 162-63; United States v. Sparks, 29 M.J. 52, 58-59 (C.M.A. 1989). Even when an accused is willing to waive a disqualification, the military judge has substantial latitude in deciding whether to accept the waiver. Sparks, 29 M.J. at 58-59. The Supreme Court has held that courts "must recognize a presumption in favor of [an accused's] counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat, 486 U.S. at 164.

B. Disqualification Based Upon Prior Government Service

In addition to the statutory and professional standards of responsibility that apply expressly to attorneys, federal law establishes limitations on representation that apply to government personnel generally, including members of the armed forces. These limitations, including post-government employment restrictions, address situations in which Congress has identified the potential for actual or apparent conflicts of interest. See S. Rep. No. 95-170, at 32 (1977), reprinted in 1978 U.S.C.C.A.N. 4216, 4248.

Statutory post-government employment restrictions vary considerably, depending on the nature of the issue, the level of

the responsibility exercised during the person's government service, and the specific nature of the person's involvement on a given issue.  See, e.g., 18 U.S.C. § 207(b) (2000) (one-year post-government employment restriction on persons who participated personally and substantially in certain trade or treaty negotiations); § 207(c) (one-year post-government employment restriction on certain agency communications by designated senior executive branch personnel).

All executive branch officials, regardless of grade, are subject to the restrictions in 18 U.S.C. § 207(a)(1), a criminal statute, entitled "Permanent restrictions on representation on particular matters."  Section 207(a)(1) prohibits a variety of post-government employment activities, including making an appearance before a court-martial, "in connection with a particular matter . . . in which the person participated personally and substantially" as a government official and "which involved a specific party or specific parties at the time of such participation."  18 U.S.C. § 207(a)(1).

The present case involves 18 U.S.C. § 207(a)(2), entitled "Two-year restrictions concerning particular matters under official responsibility."  Section 207(a)(2) makes it a crime to engage in certain post-government employment activities, including an appearance before a court-martial, "in connection with a particular matter" which the person "knows or reasonably

7

should know was actually pending under his or her official responsibility . . . within a period of 1 year before the termination of his or her [government] service" and "which involved a specific party or specific parties at the time it was so pending."  18 U.S.C. § 207(a)(2)(B)-(C).

The term "official responsibility" means "the direct administrative or operating authority, whether intermediate or final, and either exercisable alone or with others, and either personally or through subordinates, to approve, disapprove, or otherwise direct Government action."  18 U.S.C. § 202(b) (2000). According to the implementing regulations issued by the Office of Government Ethics, the scope of an employee's official responsibility "is determined by those areas assigned by statute, regulation, Executive Order, job description or delegation of authority."  5 C.F.R. § 2637.202(b)(2) (2007). Under the regulations, a matter is "actually pending" once it is "referred to or under consideration by persons within the employee's area of responsibility, not that it merely could have been."  5 C.F.R. § 2637.202(c).


II.  THE MILITARY JUDGE'S DECISION TO DISQUALIFY
APPELLANT'S CIVILIAN DEFENSE COUNSEL

At trial, the prosecution moved to disqualify Mr. R from serving as Appellant's civilian defense counsel on the grounds

that his participation would fall within the two-year restriction of 18 U.S.C. § 207(a)(2). The prosecution contended that the court-martial concerned a "particular matter" under the statute that was "actually pending" under Mr. R's official responsibility during the one-year period prior to the termination of his military service. The prosecution expressly stated that for purposes of the motion, the Government did not assert that Mr. R had participated "personally and substantially" in the matter at issue in violation of the permanent ban on representation under 18 U.S.C. § 207(a)(1).

In support of the motion, the prosecution submitted various documents, including an affidavit from the staff judge advocate at Fort Huachuca detailing then-Captain R's duties as Chief of Military Justice, an affidavit from a CID agent describing interactions between CID agents and then-Captain R, and an affidavit from the Ethics Counselor at Fort Huachuca describing his review of Mr. R's post-government employment situation in connection with the current case.

Mr. R entered a special appearance to contest the Government's disqualification motion. He filed a response to the motion and submitted an affidavit, describing his responsibilities as Chief of Military Justice and his involvement in the present case prior to the termination of his military service. He also submitted a document signed by

Appellant entitled "Waiver of Conflict of Interest" in which Appellant requested representation by Mr. R and waived any conflict.

The military judge conducted a pretrial session under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), in which both parties presented their views on the disqualification motion. The military judge granted the motion and entered detailed written findings of fact and conclusions of law.

In his findings of fact, the military judge found that Mr. R's job responsibilities as Chief of Military Justice included supervising and training junior trial counsel, as well as advising CID agents and military commanders on military justice matters. In addition, the military judge found that the Fort Huachuca CID office began investigating Appellant in April 2003 for numerous offenses, including larceny of government property, an offense later referred against Appellant.

The military judge found that on June 13, 2003, a CID agent sent a status report on the investigation to Appellant's company commander. Two days later, the company commander forwarded this report to Mr. R and the trial counsel responsible for Appellant's company. In this e-mail, the company commander wrote that he was seeking "advise [sic] on [Appellant's] case." Mr. R then e-mailed the CID status report to the judge advocate who was set to take over the Chief of Military Justice position

on July 1, 2003.  Mr. R advised the incoming Chief of Military Justice to review the attached status report, and further stated:  "Note the confession.  Advise you to test the quality of the confession [before] making a recommendation."  The military judge found that Mr. R's message was directed principally at the incoming chief but also was sent to Appellant's company commander and two trial counsel in the Military Justice Division.  Two weeks later, while Mr. R was on terminal leave, a CID agent investigating additional allegations against Appellant contacted Mr. R to discuss whether a kidnapping charge could be brought against Appellant.  The military judge found that during this conversation, Mr. R learned the general facts of the case and advised the agent on the elements of kidnapping, an offense later referred against Appellant.

The military judge concluded as a matter of law that 18 U.S.C. § 207(a)(2) prohibited Mr. R from representing Appellant in the present case.  The military judge noted Mr. R's authority as Chief of Military Justice, concluding that Mr. R was performing his assigned responsibilities when he advised his designated successor regarding Appellant's confession and discussed the elements of kidnapping with a CID agent.  In that context, the military judge found that Mr. R possessed official responsibility over the Military Justice Division during CID's

11

active investigation of Appellant.  The military judge also observed that the Government had a substantial interest in prohibiting conduct that could interfere with prosecutorial discretion.  In addition, the military judge concluded that disqualifying Mr. R would not impermissibly infringe Appellant's Sixth Amendment right to counsel of choice.

## III.  DISCUSSION

We review a military judge's decision on a motion to disqualify counsel for an abuse of discretion.  United States v. Strother, 60 M.J. 476, 478 (C.A.A.F. 2005).  The military judge's ruling will be overturned only if the findings of fact are clearly erroneous or the decision is influenced by an erroneous interpretation of the law.  United States v. Quintanilla, 63 M.J. 29, 35 (C.A.A.F. 2006).  Appellant has not demonstrated that the military judge's findings of fact as to the essential underlying events were clearly erroneous.  The primary disagreement between the parties is whether the military judge erred in concluding that the facts provided an adequate basis for finding under the statute that the "particular matter" at issue in Appellant's court-martial was "actually pending under" Mr. R's "official responsibility" as Chief of Military Justice.  See 18 U.S.C. § 207(a)(2)(B).

United States v. Rhoades, No. 07-0173/AR

In view of the broad discretion afforded a military judge when acting on a pretrial disqualification motion, the military judge is not required to determine whether there is proof beyond a reasonable doubt that the attorney is guilty of a criminal violation of 18 U.S.C. § 207(a)(2). We conclude that a record that demonstrates a reasonable likelihood that counsel's representation would violate a statutory post-employment restriction designed to protect the integrity of trial proceedings is sufficient to show "a serious potential for conflict" that may overcome the presumption in favor of the accused's counsel of choice. Wheat, 486 U.S. at 164. Under such circumstances, the military judge has discretion to disqualify counsel. See Campbell, 491 F.3d at 1310; In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 250-51 (2d Cir. 1986) (recognizing that the right to counsel of choice can be outweighed by an interest in the integrity of the judicial system); cf. Wheat, 486 U.S. at 159 (stating that a trial judge may refuse a defendant's waiver of conflict-free representation where defense counsel has a "previous or ongoing relationship with an opposing party"); Kessenich v. Commodity Futures Trading Comm'n, 684 F.2d 88, 99 (D.C. Cir. 1982) (observing, in a civil case, that "the possibility that continued representation may be illegal militates strongly in favor of disqualification in order to maintain the integrity of this court's processes").

In the present case, the military judge found that the official responsibilities of Mr. R while in government service included providing advice on pending cases to CID agents and to other military attorneys. The military judge also found that Mr. R provided such advice with respect to the investigation of Appellant that led to the charges at issue in the present appeal. These events took place within the statutory one-year period before the termination of Mr. R's military service, and the court-martial occurred within the statutory two-year period after the termination of his service. See 18 U.S.C. § 207(a)(2). These findings were sufficient to demonstrate a reasonable likelihood that Mr. R's representation of Appellant at trial would violate a statute designed to protect the integrity of government functions, including trial proceedings. Therefore, Mr. R's continued representation created "a serious potential for conflict," which provided a sufficient basis for the military judge to refuse Appellant's waiver of conflict-free representation. Wheat, 486 U.S. at 164. Accordingly, the decision by the military judge to disqualify counsel did not constitute an abuse of discretion, and did not deprive Appellant of his right to counsel of choice under the Sixth Amendment. See id. at 159, 162-64.

IV.  DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.